**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH**

**SHELLEY E. KEELING**                                                          **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 5:06-CV-194-R**

**CITY OF PADUCAH et al.**                                           **DEFENDANTS**

**OPINION**

Plaintiff, Shelley E. Keeling, *pro se* and *in forma pauperis*, has brought a civil-rights complaint (DN 1). This matter is ripe for screening pursuant to *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). For the reasons that follow, the action will be dismissed.

**I. FACTS**

Plaintiff has sued the City of Paducah, Susan Coiner, Andrew T. Coiner, and Paducah Main Street, Inc. As grounds for jurisdiction over this action, Plaintiff refers to the Fifth, Thirteenth, Fourteenth, and Fifteenth Amendments.[1] First, Plaintiff alleges that he requested from Main Street, Inc., a vacant spot at the "Bar[becue][2] on the River," and was told by a Mr. Boggs that Plaintiff had to have seniority to get the spot. Plaintiff alleges that he had seniority and was promised the spot. However, Plaintiff alleges that later he was told that Mr. Boggs had spoken to Ms. Coiner, who refused to give Plaintiff the space he had been promised. Plaintiff further alleges that he was thrown out of "the event" (presumably, the Barbecue on the River) after he complained to city officials about being treated unfairly and pointing out that the event

---

[1] Plaintiff also cites to "Ziegler V. Railroad Co. 58 ALA 599." The Court presumes that Plaintiff is referring to *Zeigler v. S. & N. Ala. R.R. Co.*, 58 Ala. 594, 1877 WL 1446 (Ala. 1877), in which the Supreme Court of Alabama considered the constitutionality of a statute regulating the responsibility of railroads for damage to live stock.

[2] Several spellings of this event appear in the complaint and attachments thereto. For consistency's sake, the Court will use this spelling.

coordinator had no set rules or guidelines. He asserts that the City took no action on his behalf, did nothing to protect his rights, and denied him due process under the law.

Plaintiff further asserts in "COUNT II" of the complaint that, on behalf of Mrs. Theodosia S. Keeling, he is suing Andrew T. Coiner and the City of Paducah because they defamed Mrs. Keeling in a letter dated September 16, 2005. He alleges that that letter was distributed to at least four people.

In "COUNT III" of the complaint, Plaintiff alleges that the City of Paducah has "for a long time engaged in an ongoing policy which clearly discriminates and denies certain groups of people" liberty as guaranteed by the U.S. Constitution. Plaintiff further alleges that City Ordinance 126-116 restricts selling goods in certain areas of the City and that the Mayor of Paducah has made it clear that anyone not doing business in a building cannot operate in certain areas, creating a class system, and harming Plaintiff by violating his right to earn a living.

As relief, Plaintiff requests $10,000,000 for himself and Mrs. Theodosia Keeling and asks this Court to strike down "any 'ordinance' which denies Liberty to anyone." Plaintiff attaches to his complaint three exhibits. Exhibit A is a September 16, 2005, letter from Andrew T. Coiner, Attorney-at-Law, to Mr.[3] Theodosia S. Keeling, stating that, as legal counsel for the event coordinator of Barbecue on the River, he was refunding the registration fee because Mr. Keeling and his team were excluded from the event. Mr. Coiner cites as reasons for the exclusion that neither Mr. Keeling nor a representative attended a mandatory meeting for participants and failed to order meat from a certain company as required by event guidelines.

---

[3] Plaintiff's complaint refers to **Mrs**. Theodosia S. Keeling. The Court assumes for purposes of this opinion that this letter was meant for Mrs. Keeling.

The letter further details: "Your history of participation in the event includes: a bounced check for registration fees; a bogus civil action filed against the event organizer; verbally abusing Paducah Main Street staff; failing to comply with event guidelines; and knowingly making false statements to the Paducah City Commission and the Paducah Human Rights Commission."

Exhibit B is a September 15, 2005, letter to Suzy Dawahare Coiner, Chairperson of Barbecue on the River, from Paducah City Commissioner Robert A. Coleman explaining that on September 13, 2005, Plaintiff had appeared before the City Commission with several complaints about how he had been treated regarding participation in the Barbecue-on-the-River event. That letter asks Suzy Coiner whether Mr. Coiner is the legal representative of the Committee and asks that she send him a copy of the procedures and rules governing the Barbecue-on-the-River.

Exhibit C is a September 26, 2005, letter addressed to Plaintiff from the Paducah City Manager stating that, after receiving Plaintiff's complaint dated September 15, 2005, information was sought from Paducah Main Street and the Barbecue-on-the-River coordinator. The City Manager stated that, after investigation, he found the actions taken by the event coordinator and outlined by Mr. Coiner in his letter to be reasonable and in accord with City Ordinance 98-196.

## II.  LEGAL STANDARD

Because Plaintiff is proceeding without the prepayment of fees, or *in forma pauperis*, this Court must review the instant action.  *See* 28 U.S.C. § 1915(e)(2); *McGore*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest

or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, the Court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

This Court, however, is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975); *see also* FED. R. CIV. P. 8(a)(2). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted); *see generally Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III.  ANALYSIS

*A.    Nature of the claims*

The powers of federal district courts are enumerated in Article III of the Constitution. Federal courts hear only cases allowed under the Constitution or cases which Congress has entrusted to them by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). The burden of establishing jurisdiction rests with Plaintiff. *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000).

Plaintiff states that his claims arise under the Fifth, Thirteenth, Fourteenth, and Fifteenth Amendments to the United States Constitution. Congress has explicitly provided a remedy for constitutional violations brought against state and local officials and local units of government in 42 U.S.C. § 1983. The Sixth Circuit has stated that "it is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated [his] constitutional rights." *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989). In *Thomas*, the Sixth Circuit held that § 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government. *Id.* at 499. Plaintiff has no cause of action directly under the Constitution. Therefore, since he is complaining of constitutional violations by government officials, he must use § 1983. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992); *Henderson v. Corr. Corp. of Am.*, 918 F. Supp. 204, 208 (E.D. Tenn. 1996). Therefore, the Court construes this action as being brought under § 1983.

*B.     Statute of Limitations*

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-280 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in KY. REV. STAT. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at

183. Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, No. 01-6458, 2002 WL 1359388, at *2 (6th Cir. June 20, 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Having reviewed Plaintiff's complaint, the Court determines that his claims are time-barred. The allegations contained in the complaint concern events that plainly accrued in September 2005. Nothing in the complaint suggests that Plaintiff is complaining about events occurring thereafter. Furthermore, the complaint clearly demonstrates that Plaintiff knew of the alleged violations at the time they occurred. Therefore, the limitations period began to run in September 2005. Plaintiff's complaint was not filed with this Court until November 15, 2006, well after the statute of limitations had run. Since Plaintiff's complaint was filed outside the one-year limitations period, his claims based on alleged constitutional violations will be dismissed as frivolous, pursuant to §1915(e)(2)(B)(i). *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

*C.    Defamation claim*

Even if the Court chose to exercise its supplemental jurisdiction to hear the defamation claim asserted in Count II of the complaint, the defamation claim would be time-barred as well. KY. REV. STAT. § 413.140(1)(d) (one-year statute of limitations for libel or slander). Additionally, it would have to be dismissed for lack of standing. Plaintiff asserts a defamation claim on behalf of Mrs. Theodosia Keeling, which he may not do. As a *pro se* litigant, Plaintiff may act as his own counsel in this matter. *See* 28 U.S.C. § 1654. However, he is not authorized to represent others in federal court. *See*, *e.g.*, *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir.

2002) ("*pro se*" means to appear for one's self; thus, one person may not appear on another person's behalf in the other's cause).

Plaintiff may only assert those claims, which are personal to him. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Coal Operators & Assoc., Inc. v. Babbitt*, 291 F.3d 912, 915-16 (6th Cir. 2002). Thus, to the extent that Plaintiff seeks to assert a defamation claim on behalf of Mrs. Keeling, he lacks standing to do so. Therefore, this claim will be dismissed as frivolous for lack of subject matter jurisdiction. *Babbitt*, 291 F.3d at 915 ("[S]tanding to sue . . . is a jurisdictional requirement.").

D.     *Claim regarding City ordinance*

Finally, to the extent that Plaintiff's request that this Court strike down any ordinance that denies liberty to certain groups of people (Count III of the complaint) might not be time-barred,[4] that claim is vague and conclusory and, therefore, fails to state an adequate claim. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Some factual basis for such claims must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). Plaintiff's allegations in this regard are only that an ordinance restricts the sale of goods in certain areas and that Paducah's Mayor has "made it clear" that anyone not doing business in a building may not operate in certain areas, creating a "Class System" and violating Plaintiff's right to earn a living. The Court is not required to accept such conclusory and unsupported statements. *Dellis*, 257 F.3d at 511. Consequently, this claim will be dismissed for

---

[4] *Cf. Kelley v. Metro. County Bd. of Educ.*, 615 F. Supp. 1139, 1153 (M.D. Tenn. 1985) (recognizing the general principle that statute of limitations begins to run from the date of injury, but explaining that "when the injury-causing activity continues over time, unabated, that conduct is not legitimized by the passage of time"), *rev'd on other grounds*, 836 F.2d 986 (6th Cir. 1987).

failure to state a claim upon which relief may be granted.  *See* § 1915(e)(2)(B)(ii).

## IV. CONCLUSION

The Court will enter an order consistent with this Opinion.

Date:


cc: Plaintiff, *pro se*
McCracken County Attorney
4413.009